FREDERICK S. MAUERSBERG et al., Respondents-Appellants, v
E.F. HUTTON & COMPANY, INC., et al., Appellants-Respon-
dents, et al., Defendant.

Third Department, May 1, 1986

## APPEARANCES OF COUNSEL

*Chernin & Gold (Richard N. Matties* of counsel), for E.F. Hutton & Company, Inc., appellant-respondent.

*Levene, Gouldin & Thompson (Paul M. Price* of counsel), for Dean Witter Reynolds, Inc., appellant-respondent.

*Johnson Law Office (Philip C. Johnson* of counsel), for respondents-appellants.

## OPINION OF THE COURT

MIKOLL, J.

Plaintiffs opened an investment account jointly and an individual account in plaintiff Frederick S. Mauersberg's name with defendant E.F. Hutton & Company, Inc. (E.F. Hutton) in March 1974. They executed a customer's agreement which included a clause providing for the arbitration of any disputes between themselves and E.F. Hutton. Eventually plaintiffs transferred their liquid assets to the management of defendant Franklin L. Grey, an account executive with E.F. Hutton. In May 1981, Grey left E.F. Hutton and commenced working with defendant Dean Witter Reynolds, Inc. (Dean Witter), also stock and option brokers. Plaintiffs' accounts with E.F. Hutton were subsequently closed and transferred to Dean Witter, with Grey continuing to oversee them. Plaintiffs executed a customer's agreement with Dean Witter which also contained a provision providing for the arbitration of disputes. In February 1982, plaintiffs closed their Dean Witter accounts with a negative balance.

Plaintiffs thereafter sued E.F. Hutton, Dean Witter and Grey alleging numerous violations of Federal securities laws and common-law claims. The complaint alleged that Grey, while employed by E.F. Hutton and then when he was with Dean Witter, made false and misleading statements to plaintiffs, who were inexperienced in options trading. Plaintiffs further asserted that both E.F. Hutton and Dean Witter did not properly supervise Grey and failed to discover the improper management by Grey of plaintiffs' accounts; that Grey acted in bad faith in managing their accounts; that defendants failed to disclose to plaintiffs the risks involved in options trading; that defendants were negligent and reckless in the management of plaintiffs' accounts; and that defendants negligently failed to ascertain plaintiffs' financial situation, needs and objectives, thus violating suitability laws and regulations. Plaintiffs' seventh cause of action alleged that defendants "churned" their accounts by undertaking trading activities whose frequency and volume were disproportionate to the size and character of plaintiffs' accounts, their investment objectives and personal needs.

After a series of motions and cross motions, Special Term ultimately held that (1) plaintiffs' first cause of action alleged with sufficient particularity the elements necessary to state a claim against E.F. Hutton and Grey under both the Securities Exchange Act of 1934 (15 USC §§ 78a-78kk) and the Securities Act of 1933 (15 USC §§ 77a-77bbbb); (2) that the second through sixth causes of action merely alleged negligence and recklessness and did not state independent allegations of fraudulent conduct, thus making these common-law claims which were arbitrable under the arbitration agreement; (3) that the seventh cause of action, stating a claim against all of the defendants for "churning", was a violation of the Federal securities laws and was not arbitrable; (4) that the court lacked jurisdiction over plaintiffs' claims of alleged violations of the Securities Exchange Act of 1934; and (5) that plaintiffs' first and seventh causes of action should be stayed pending arbitration of the common-law claims. The order was thereafter modified to provide that pretrial proceedings in the court action could proceed, notwithstanding the stay in litigation.

Plaintiffs appeal from the dismissal of their sixth cause of action, which alleged that defendants violated the suitability or "know your customer" laws and regulations of the Securities Act of 1933 § 17 (a) (3) (15 USC § 77q [a] [3]), and claim that this cause of action is not subject to arbitration and

was thus improperly dismissed. We disagree. A violation of the rules and regulations of the Securities Act of 1933, in and of itself, does not constitute a violation of Federal securities laws. The cause of action contains no allegations of fraud and we find, therefore, that it was properly dismissed as merely alleging negligence and recklessness, a common-law cause of action *(see, Mauriber v Shearson/American Express,* 546 F Supp 391).

Defendants contend that the seventh cause of action, which alleged "churning" of accounts, should have been dismissed for failure to state a cause of action under the Securities Act of 1933 § 17 (a). It is urged that this cause of action states a claim solely under the Securities Exchange Act of 1934 § 10 (b) (15 USC § 78j [b]). The exclusive jurisdiction for a cause of action under the Securities Exchange Act of 1934 § 10 (b) is Federal court. Therefore, if plaintiffs do not have an implied private right of action under the Securities Act of 1933 § 17 (a), their seventh cause of action in State court must be dismissed. Both sections contain similar language. The majority of Federal Courts of Appeal, including the Court of Appeals for the Second Circuit, have held that an implied private right does exist under the Securities Act of 1933 § 17 (a) *(see, Kirshner v United States,* 603 F2d 234, 241, *cert denied* 442 US 909; *Newman v Prior,* 518 F2d 97, 99; *Surowitz v Hilton Hotels Corp.,* 342 F2d 596, 604, *revd on other grounds* 383 US 363; *cf. Landry v All Am. Assur. Co.,* 688 F2d 381, 389; *Stephenson v Calpine Conifers II,* 652 F2d 808, 815; *Greater Iowa Corp. v McLendon,* 378 F2d 783, 790-791).

The Supreme Court of the United States has not yet decided the issue, although it has had occasion to comment on the division of authority among the courts *(see, Eichler v Berner,* — US —, 105 S Ct 2622). The factors enunciated in *Cort v Ash* (422 US 66) and subsequently refined in *Touche Ross & Co. v Redington* (442 US 560, 575-576) and *Transamerica Mtge. Advisors v Lewis* (444 US 11) are helpful in an analysis of the issue. *Cort* spoke of a four-part test for determining whether a private cause of action may be implied under a particular statute. The factors to be considered are whether (1) plaintiff is one of the class for whose special benefit the statute was enacted; (2) the legislation expresses an intent to create a private remedy; (3) the implication of a private remedy is consistent with the underlying purposes of the legislative scheme; and (4) the cause of action is more appropriately left to State action *(Cort v Ash, supra,* p 78). *Touche* places more

emphasis on the first two factors, with special emphasis on the second factor, that is, legislative history *(Touche Ross & Co. v Redington, supra,* pp 575-576). *Transamerica* suggested that legislative history alone is determinative of the issue of whether a private cause of action exists *(Transamerica Mtge. Advisors v Lewis, supra,* p 24).

■ Despite the tilt of authority in favor of implying a private cause of action under the Securities Act of 1933 § 17 (a), we are persuaded by *Cort (supra)* and its progeny and the thorough analysis of the issue found in *Landry v All Am. Assur. Co.* (688 F2d 381, *supra)* to the contrary. We note that the statutory scheme of the Securities Act of 1933 created express civil liability for violations of section 11 (a), which prohibits falsehoods and omissions in registration statements (15 USC § 77k [a]), and section 12 (2), which protects purchasers from misstatements or omissions in written and oral communications (15 USC § 77*l* [2]). Each section sets forth specific procedural requirements which must be met before a purchaser can sue under either section *(see,* 15 USC §§ 77m, 77k [e]). On the other hand, while section 17 (a) prohibits the same conduct as do sections 11 and 12, it is not subject to any procedural requirements.

We conclude that implying a private cause of action under the Securities Act of 1933 § 17 (a) would be inconsistent with the Act's statutory scheme. Therefore, we concur with the observation made in *Landry v All Am. Assur. Co. (supra)* that "[t]he legislative history of the 1933 Act makes no mention of civil liability under § 17 (a); congressional discussion of civil liability under the Act centers on §§ 11 and 12" (688 F2d, at p 389).

KANE, J. P., CASEY, WEISS and LEVINE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as denied defendants' cross motions to dismiss plaintiffs' seventh cause of action; plaintiffs' seventh cause of action is dismissed and should be submitted to arbitration; and, as so modified, affirmed.